UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:09-CR-163-TAV-HBG-1 |
| ) | |
| MORRIS E. NANCE, JR., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is defendant's pro se motion requesting a judicial recommendation regarding defendant's placement in a Residential Re-entry Center ("RRC") [Doc. 136]. Specifically, defendant requests that he be able to spend the last twelve months of his sentence in a RRC, also known as a halfway house. In support of his motion, defendant notes that he has kept a clean disciplinary record, completed many prison programs in furtherance of his education, maintained a job for the length of his employment, and paid his fines and restitution obligations [*Id.* p. 2].

Halfway house placement and home confinement under the Second Chance Act, 18 U.S.C. § 3624(c), are matters within the discretion of the Bureau of Prisons, to be determined on an individual basis upon consideration of several factors, including "any statement by the court that imposed the sentence. . . ." *See, e.g., Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (quoting 18 U.S.C. § 3621(b)). Typically, because the Bureau of Prisons is in a superior position to determine

the appropriate time and manner of community reentry, the Court declines a defendant's invitation to make any specific recommendation on this type of matter. However, upon review of the record in this case, including defendant's letter to the Court outlining his request, the Court will **GRANT** the defendant's motion [Doc. 136] to the extent that the Court will request the Bureau of Prisons to give serious consideration to defendant's request to spend the last twelve (12) months of his sentence in a RRC.

    IT IS SO ORDERED.

                                      s/ Thomas A. Varlan  
                                      UNITED STATES DISTRICT JUDGE